Belknap,
No. 5728.

MELVILLE A. STILLMAN & a.

v.

KINSMAN MFG. Co.

Argued April 3, 1968.
Decided July 17, 1968.

*Snierson, Chandler & Copithorne (Mr. John P. Chandler* orally), for the plaintiffs.

*Nighswander, Lord & Martin* and *Conrad E. Snow (Mr. Arthur H. Nighswander* orally), for the defendant.

DUNCAN, J. By an action of assumpsit the plaintiff Stillman seeks to recover the amount of $5,240 in which amount he alleges the defendant is indebted to him for services performed at the defendant's request from 1956 to 1960. In a like action the plaintiff Hadden seeks to recover $3,778.50 for services similarly performed over the same period. The actions were submitted to the Superior Court ( *Griffith*, J. ) upon an agreed statement of facts, which embodied certain offers of proof by the parties. A separate stipulation provided that if the offers of proof were deemed material, there should be a hearing to determine the facts alleged in the offers of proof. However, the Trial Court found and ruled that the plaintiffs were "estopped . . . to claim under the original agreement" to which the offers of proof related. The Court then found that the plaintiffs were entitled "to recover in quantum meruit for the amounts claimed" and entered a verdict for each plaintiff in the amount sought by his writ. The exception of the parties to certain of the find-

ings and rulings of the Trial Court were thereafter reserved and transferred by *Keller,* J.

The agreed statement of facts establishes that the defendant was incorporated in New Hampshire on May 1, 1956. It also established the following facts. As a result of discussions held in May and June 1956, the plaintiff Stillman was first employed by the defendant on June 25, 1956, and the plaintiff Hadden on July 1, 1956. On July 26, 1956, it was voted to issue stock to Stillman, and the individual members of the Organ Development Group of Brattleboro, Vermont, of which Hadden was one, in exchange for a bill of sale and assignment of all rights " in certain electronic organ development. "

At the same time Hadden was elected a director of the defendant corporation. He continued in the employ of the company until he resigned on February 7, 1960. Stillman became treasurer on December 27, 1956, and a director on November 18, 1957, continuing in the employ of the company until he resigned on June 19, 1960. In May and June 1956 the parties entered into an oral agreement concerning the salaries to be paid to the plaintiffs and two other officers of the company, the terms of which agreement were in dispute. The amounts actually paid to the plaintiffs during the years in question, however, were not disputed, and were less than the amounts to which the plaintiffs were entitled if the oral agreement was what they claimed it to have been.

In July 1959, the defendant entered into an agreement with underwriters for the issue of $200,000 of convertible debentures. An offering circular was prepared and submitted to the Securities and Exchange Commission which incorporated a report by independent public accountants based upon statements relative to corporate liabilities made by officers of the defendant company. The first of these, dated April 24, 1959, which was signed by the president and by the plaintiff Stillman as treasurer stated in part, " All liabilities of the company of which we have knowledge are included in appropriate classifications in the accounts at March 31, 1959, " and further indicated that they had no knowledge of any other claims or contingent liabilities. The letter contained no reference to any liabilities to the plaintiffs for salaries in arrears.

A second letter under date of July 29, 1959 signed by the plaintiff Hadden as vice president, and by other officers, con -

firmed the statements of the previous letter. The letters were relied upon by the accountants, and in turn by the underwriter in submitting the offering circular. The proposed refinancing was duly effected prior to February 17, 1960.

On February 17, 1960 a proposal was made to issue stock at less than par to seven employees, including the plaintiffs, for the purpose of eliminating obligations for back salary. On March 31, 1960 the directors voted to issue such stock at $4 a share, to effect a payment to the plaintiff Hadden of $3,778.50, to the plaintiff Stillman of $5,240, and to other employees in varying amounts aggregating in total $30,181.24.

On May 12, 1960, after advice from counsel, the directors voted to rescind the vote of March 31, 1960, and to accept the resignation of the plaintiff Stillman as director, effective May 9, 1960.

In addition to establishing these and other facts, the agreed statement of facts provided as follows: "18. If it is found that the alleged contract was enforceable against the defendant corporation, the plaintiffs are entitled to the amounts shown on their respective writs, to wit: $5,240.00 in the case of plaintiff Stillman, and $3,778.50 in the case of plaintiff Hadden."

The finding and ruling of the Trial Court, that the plaintiffs' statements to the defendant's accountants in April and July 1959 estopped them from claiming back salaries under the original oral agreement of 1956, made it unnecessary for the Court to rule upon the issue of whether the statute of frauds was a defense to suit upon the original agreement. The ruling made was warranted by the record. *Bowen* v. *Casualty Co.,* 99 N. H. 107. The letters signed by the plaintiffs represented that "all liabilities" of the defendant were disclosed by its financial statements, which reflected no liabilities for back salaries owing to the plaintiffs. In reliance upon these statements, the company issued its debentures and obtained the additional capital which it sought. The Court properly ruled that the plaintiffs may not rely upon the oral agreement of 1956. Since the alleged agreement was held to be unenforceable, the plaintiffs are not entitled to recover under paragraph 18 of the agreed statement of facts.

The record is devoid of any evidence from which the fair value of the services performed by the plaintiffs could be determined. The March 31, 1960 record of the vote of the directors fixing the amounts to be paid in stock to the plaintiffs was

found by the Trial Court to be " evidence entitling the plaintiffs to recover in quantum meruit for the amounts claimed. "

This record of the vote, however, did not purport to be based upon the fair value of the services of the plaintiffs. On the contrary, the vote expressly provided that the payments should be in satisfaction of " any obligation . . . for additional salary " for the period when the plaintiffs received less than the salaries " informally agreed upon. " Thus it appears that the amounts were based upon the original agreement which the Court ruled to be unenforceable. In these circumstances it was error to found verdicts upon the evidence in the record of the March 31, 1960 vote. Since there was no other evidence upon which the verdicts could be based, they are set aside.

Since the letters of April 24 and July 29, 1959 in effect represented that the defendant was under no obligation to them, the estoppel of the plaintiffs is effective to preclude enforcement of their claim that such obligations do exist, whether based upon contract, or fair value. It follows that the order in each action is

*Judgment for the defendant.*

GRIFFITH, J., did not sit; the others concurred.